EDWARD MALLEY *vs.* THE FIREMEN'S FUND INSURANCE COMPANY.

The act of Congress of March 3d, 1875, with regard to the removal of causes from a state court to the Circuit Court of the United States, provides that the motion for such removal must be made "before or at the term at which the cause could be first tried." Held to mean the term at which, under the laws of the state and the rules of practice, the cause is first triable on its merits, and not necessarily the term at which it may be actually reached for trial.

[Argued December 6th—decided December 27th, 1883.]

MOTION for removal of a cause pending in the Superior Court to the Circuit Court of the United States. Facts found on the motion and the question reserved for the advice of this court. The case is fully stated in the opinion.

*L. N. Blydenburgh*, in support of the motion.

*F. Chamberlin* and *J. W. Alling*, contra.

PARK, C. J. The third section of the act of Congress passed March 3d, 1875, provides that an application for the removal of a cause from a state court to the Circuit Court of the United States, must be made "before or at the term

Malley v. Firemen's Fund Ins. Co.

at which the cause could be first tried." This case depends upon the construction that should be given to this clause.

It appears from the facts found that the cause sought to be removed was brought to the September term of the Superior Court, 1882, and was entered in the docket of the court on the first day of the term. The term commenced on the 26th day of the month and continued through thirty-two term days, till the first day of December following. The next term of the court commenced on the second day of January, 1883, and continued through sixty-five term days, till the 16th day of May following. This cause, with twenty-eight other similar ones brought by the plaintiff against other parties, was duly assigned by the court for trial on March 22d, 1883. At this time no replication had been filed to the defendant's answer, which was filed at the September term. Neither of the cases was tried at the time assigned, and they were re-assigned for trial by the court on the 29th day of the same month. On that day they were all postponed by the court until the 4th day of the following April.

On the 17th day of March, the plaintiff filed his replication in one of the twenty-nine cases, and on the same day notified the defendants that he should try the case on the day to which it was first assigned. The case was tried on the day last assigned, and resulted in a reservation for the advice of this court.

It further appears that the court, at the January term, 1883, after the second Tuesday of March, was able to try, and did try, all the cases which the lawyers engaged therein requested to be tried, and at different times the entire list of cases was called over by the court in order to dispose of all which were ready for trial.

The case now sought to be removed to the Circuit Court was the second on the list after the one tried as aforesaid. The application for the removal of the cause was not made till after judgment was rendered in the case reserved for the advice of this court, and not until the next September term of the Superior Court.

These are the principal facts, and the question is whether

the plaintiff applied for the removal of the cause within the time prescribed by the act mentioned.

The plaintiff construes the act as meaning that the application for removal must be made before or at the first term during the whole of which the cause could be tried; that is, the plaintiff may have the first entire term of the court to file his application, during the whole of which the cause, with issue joined, remains ready for trial.

Obviously such cannot be the meaning of the act. According to this claim the plaintiff might have nearly two entire terms in which to file his application after the case was reached for trial, and could be tried; which in the county of New Haven would be a period of from seven to eight months. During this time a similar case might be tried and finally determined in the Superior Court without the plaintiff's losing his right of removal of another and far more important one; thus giving him an opportunity of trying his chances of success in the more important case in the Circuit Court, after knowing the result of the less important one in the Superior Court. The act in question clearly never intended this. Indeed, it is difficult to see any foundation for this claim. The clause is not ambiguous nor its meaning obscure. When in the prosecution of the ordinary business of the court in conformity with its established rules and practice, a case is first reached for trial and can be tried, that term is the one at which the cause could be first tried. Whether such time is at the first or the last part of the term, can make no possible difference.

This construction of the phrase has received judicial sanction in a long line of decisions, both state and national.

In *Babbit* v. *Clark*, 103 U. S. Reps., 612, the court say:— " Under section twelve of the act of 1798, the application for removal must have been made by the defendant when he entered his appearance, but under the acts of 1866 and 1867 it might be effected at any time before trial. This was the condition of existing legislation when the act of 1875 was passed, and the language of that act shows clearly a determination on the part of Congress to change materially the time

within which applications for removal were to be made. It was more liberal ·than under the act of 1789, but not so much so as in the later statutes. Under the acts of 1866 and 1867 it was sufficient to move at any time before actual trial, while under that of 1875 the election must be made at the first term in which the cause is in law triable."

Judge Dillon, in his work on Removal of Causes, page 78, says:—" The meaning of the term at which the cause could be first tried has been judicially determined by a long line of decisions, and it is now well understood to mean the term at which, under the law of the state and the rules of practice, the cause is first triable, that is, subject to be tried on its merits, and not necessarily the term when it may be reached for trial."

In *Wheeler* v. *Liverpool, London & Globe Ins. Co.*, 8 Federal Rep., 196, the court say —" The·decided cases may be thus stated : If at any time the cause is at issue upon its merits, or would have been at issue but for the negligence of the party petitioning for removal, and by the law and practice of the state is presently triable, that is the latest term for removal." .

In *Preston* v. *Travelers' Ins. Co.*, 58 N. Hamp., 76, the court say :—" It is the first term at which the parties, being at court or legally bound to be there, are not prevented by the law of procedure from going to trial."

In *Public Grain & Stock Exchange* v. *Western Union Telegraph Co.*, 16 Federal Rep., 289, the court say:—" When in consequence of the want of diligence on the part of an applicant for removal of a cause from a state court the issue has not been made up, or where the right exists to have the case heard or set down for hearing at the first term and he does not ask for it, he cannot afterwards be permitted to apply for removal."

In *Cramer* v. *Mack*, 12 Federal Rep., 803, the court say:— " The decisions, in construction of the act, are to the effect that a party loses his right to remove, if he permits the term to pass at which he could have placed the cause in a position

to be tried upon the merits, if he had conformed to the rules of practice of the state courts."

Applying the law to the facts of this case, there can be no doubt that the plaintiff was too late to remove the cause to the Circuit Court at the time he made his application. At two different times during the term preceding the one at which it was made, the court, in the ordinary course of business, assigned the cause for trial; but the case was not tried because both parties were desirous of awaiting the decision of this court upon a similar case that had been tried. At other times during the same term the court called the case with others for trial, being desirous to find business to occupy the time, but the cause was not tried, owing to the reason already stated.

It is further found that the court, at that term, was able to try, and did try, all the cases which the lawyers engaged therein asked to have tried.

We think it is clear that the plaintiff had no right to remove the cause to the Circuit Court at the time he made application to that effect.

We advise the Superior Court to dismiss the application.

In this opinion the other judges concurred.